**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERT ARROYO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **NO. EP-16-CV-0460-LS** |
| | § | |
| **NANCY A. BERRYHILL,** | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Arroyo appeals the denial of his application for disability insurance benefits under 42 U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. I **REVERSE and REMAND** the Commissioner's decision denying Romero's application.

### I.     Facts and Proceedings

Arroyo alleges he became disabled on January 15, 2014 because of depression, osteoarthritis, sleep apnea, and hearing problems.[1] An Administrative Law Judge ("ALJ") held a hearing on June 21, 2016[2] and heard testimony from Arroyo, who was represented by counsel, and from a vocational expert. In an opinion dated July 5, 2016, the ALJ determined that Arroyo was not disabled within the meaning of the Social Security Act.[3] The Appeals Council denied his request for review, making the decision of the ALJ the final decision of the Commissioner.[4]

### II.     Discussion

#### A.     Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the

---

[1] R:166, 189.
[2] R:44-70.
[3] R:22-38.
[4] R:1-5.

decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*.

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work. 20 C.F.R. § 404.1520; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Perez*, 415 F.3d at 462. A court cannot, however, reweigh the evidence or try the issues *de novo*. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). The Commissioner, not the courts, must resolve conflicts in the evidence. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### B.     The ALJ's Findings

In this case, the ALJ found that Arroyo's severe impairments include morbid obesity, spinal disorders, degenerative joint disease in his knee, and depressive and anxiety disorders.[5] None of Arroyo's impairments, however, were severe enough to meet or equal an impairment

---

[5] R:24.

listed in the appendix to the regulations.[6] The ALJ found that Romero can still do "sedentary work"[7] with certain mental and physical limitations.[8] He determined that Arroyo can no longer perform his old job working on a ship, but using vocational expert testimony determined that there are other jobs in the national economy that he can still do.[9] Accordingly, he found Arroyo not disabled and not entitled to disability insurance benefits.[10]

### C.     VA Disability

The ALJ noted that Arroyo has a 100% disability rating from the Department of Veterans Affairs ("VA"), but gave it "little weight."[11] In so doing, he found,

> [w]hile the disability determinations of other governmental agencies are entitled to consideration, they are not entitled to any particular weight in determining disability for Social Security purposes (Social Security Ruling 06-3p). In this case, the undersigned notes that the Veterans Affairs' finding is not based on Agency policy or definitions of disability. Therefore, it is entitled to little weight.[12]

"A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). "In *Rodriguez* and its progeny, [the Fifth Circuit] ha[s] sometimes referred to a VA

---

[6] R:30.

[7] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[8] R:33.

[9] R:36-38.

[10] R:38.

[11] R:36.

[12] *Id*. (parenthetical in original).

disability determination as being entitled to 'great weight.'" *Id*. "While this is true in most cases, the relative weight to be given to this type of evidence will vary depending upon the factual circumstances of each case." *Id*. "Since the regulations for disability status differ between the SSA and the VA, ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Id*. If the "ALJ consider[s] the VA disability determination and set[s] forth valid reasons for giving the determination diminished weight, [courts] cannot say that the ALJ erred simply because [s/he] did not give 'great weight' to the VA disability determination." *Id*.

The ALJ in this case provided no reason for giving the VA disability determination "little weight" other than the assertion that another agency's determination is not binding on the Commissioner. Under Fifth Circuit precedent, this is error, especially when Arroyo has a 100% disability rating from the VA. *See Rodriguez*, 640 F.2d at 686 ("Although the ALJ mentioned the Veterans Administration disability rating on Rodriguez, he obviously refused to give it much weight. A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight. . . A VA rating of 100% disability should have been more closely scrutinized by the ALJ.") The decision of the Commissioner is **REVERSED** and **REMANDED** to the ALJ for sufficient consideration of Arroyo's VA disability determination.

**SIGNED** and **ENTERED** on November 29, 2017.

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**